ABIJAH HALL *vs.* NEHEMIAH Y. HALL.

In the service of a warrant of distress for the collection of a tax, the collector cannot lawfully arrest the body of a tax debtor, unless he is unable to find property whereon to levy it, and by means of which payment of the tax may be secured.

One who is unlawfully arrested and committed to prison on a warrant of distress for the collection of a tax, may show, as competent evidence upon the question of damages, in an action to recover for the illegal arrest and imprisonment, the manner in which he lived while detained in prison, if he was subjected only to the ordinary inconveniences of persons lawfully detained there.

TORT against a collector of taxes, for the arrest and imprisonment of the plaintiff on a warrant of distress for the collection of taxes.

At the trial in the superior court, before *Brigham,* J., evidence, which is sufficiently stated in the opinion, was introduced to show the circumstances under which the arrest was made. The plaintiff, expressly disclaiming an intention of showing or claiming that he was treated with unusual or illegal severity while detained in prison, was allowed, under objection, to introduce evidence of the extent of his conveniences, and the manner of his daily life, in prison. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. Marston,* for the defendant.

*J. E. Sanford,* for the plaintiff, was not called upon.

MERRICK, J. In the case of *Lothrop* v. *Ide,* 13 Gray, 93, it was determined that the authority to arrest the body, which is

1 *

given by Rev. Sts. *c.* 8, § 11, arises only when the collector can-
not find sufficient goods on which to levy his warrant of dis-
tress.    From the return upon the warrant, copies both of the
warrant and return being annexed to the writ and making a
part of the declaration, it does not appear that the defendant
made any search whatever for goods, by the seizure and sale of
which he might have obtained payment of the tax.    And the
statements in the bill of exceptions show that the plaintiff was
possessed in fact of personal property liable to be taken on the
warrant, and more than sufficient in value to satisfy the tax to
be collected.    It is obvious, therefore, that the arrest of the plain-
tiff by the defendant was illegal, and that the warrant under
which he assumed to act constitutes no defence to the present
action.

For the same reason, it is immaterial that at the time of
making the arrest the defendant in good faith believed that the
nets which were shown to him were exempt from seizure on his
warrant ; for there was other property which might by the use
of ordinary diligence have been found, but for which no search
whatever was made.    If the nets were in good faith thought to
be necessary implements in the conduct of his trade or occupa-
tion, and for that reason exempt from liability to seizure to en-
force payment of the tax, the officer might perhaps be excused
from proceeding to levy upon them, unless with the consent of
the owner, and with the assurance that the seizure should not
be made the ground of action or complaint.

The evidence in relation to the plaintiff's confinement in jail,
and the manner in which he lived while he was held in custody
there, was properly admitted, for the purpose and under the lim-
itations subject to which it was offered.    His detention in prison
and the inconvenience and suffering to which it subjected him
were direct consequences of the illegal acts of the defendant in
the service of the warrant of distress ; and proof of these facts
was therefore competent to show the damage he had sustained.
and the compensation which he ought justly to recover.

*Exceptions overruled.*